UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-83-MOC-WCM

| | | |
|---|---|---|
| RODNEY T. WORLEY, | ) | |
| | ) | |
| Plaintiff, pro se, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Motion for Substitution of the United

States as Sole Party Defendant, filed by Defendants Andrea L. Foster, Judith McKenzie-

Abraham, and the United States Department of Agriculture ("USDA"), (Doc. No. 11) and on a

Motion to Dismiss, also filed by Defendants, (Doc. No. 12).

## I.     BACKGROUND

On August 18, 2018, Laura Kranz, a USDA employee, while performing her USDA

duties, dropped off students at the Oconaluftee Job Corps Center in Cherokee, North Carolina,

and then backed into Plaintiff's vehicle.  (Doc. No. 1 at 4).  On September 27, 2018, USDA

received a Federal Tort Claims Act ("FTCA") property damage claim from Plaintiff dated

September 24, 2018.  The claim amount was $15,621.66.  (Decl. of Renee Tyler, USDA,

hereinafter Government Ex. (GE) A at ¶ 4 and GE A-1).

On February 25, 2019, following investigation and review of the FCTA claim, USDA

allowed Plaintiff's claim in-full for repair expenses in the amount of $2,973.60 and vehicle rental

expenses in the amount of $272.00, for a total of $3,245.60 as reasonable and proper damages.

The USDA disallowed $12,373.06 of Plaintiff's claim, which Defendants contend were

1

unsupported depreciation expenses and excessive rental expenses. (GE A at ¶ 5). Plaintiff refused to complete the necessary forms to receive payment, and instead, by e-mail dated March 27, 2019, requested reconsideration of the USDA's decision. (GE A at ¶ 6 and GE A-2).

On August 29, 2019, the USDA reconsidered its decision and denied Plaintiff's claim. (GE A at ¶ 7 and GE A-3). The USDA denial of reconsideration, dated August 29, 2019, stated: "If you are dissatisfied with the denial of this tort claim, you may file suit against the United States of America in an appropriate United States District Court not later than six months after the date of mailing of this notification of such denial." On August 29, 2019, the USDA mailed its denial of reconsideration, and on September 4, 2019, Plaintiff received the USDA's denial of his request for reconsideration. (GE A at ¶ 8 and GE A-4).

On March 31, 2020, after more than six months had lapsed from the date of the USDA denial letter, the USDA received an email from Plaintiff, stating:

> I have not been able to proceed in District Court due to my recent health issues. I have been out of work since July 1 2019. I have had extensive foot surgeries, leaving me unable to work and take care of all of my affairs, including this tort claim. I am on the mend now and recovering. The date to file was 6 months from August 29, 2019. I am checking to see if an extension will be granted so that my appeal can be heard/mediated? . . . .

(GE A at ¶ 9 and GE A-5). On March 31, 2020, within fifteen minutes of receiving Plaintiff's email, Attorney Judith McKenzie-Abraham, Office of the General Counsel, USDA, responded:

> Greetings Rodney – I am very sorry to hear of your health issues and employment situation. The filing deadlines in tort cases are defined by statute and I have no authority to extend or ignore those dates. Once a decision is reached at the administrative level, the matter is no longer under my control. You are required to file in District Court. If you file after the deadline, then the matter would be dismissed as untimely.

(GE A ¶ 10 and GE A-6).

On April 3, 2020, Plaintiff filed this action. Also on that date, Plaintiff filed a "Request

2

for Extension of Time to File Claim in District Court," Doc. No. 2, in which he stated:

> I, Rodney T. Worley, Plaintiff, am requesting an extension of time to file a Tort Claim against the United States Department of Agriculture, Office of General Counsel, due to circumstances beyond my control. On July 1, 2019, I had to go to the emergency room for a puncture wound on my foot that I received while at a local lake which contained some water-borne bacteria. The bacteria caused my foot to become infected. The infection progressed and I had to go to the Emergency Room. From the emergency room, I was admitted into the hospital for 5 days. After the hospital stay, I had to go to Wound Care weekly. Next, I was referred to more specialist[s] including an Orthopedic Surgeon, who initially thought that I would need to amputate my foot and part of my leg. However, the Orthopedic Surgeon along with the other specialist[s] devised a plan to try and salvage my foot and leg. The plan included multiple surgeries and strict adherence to their direction.
>
> Throughout the process, I have not been able to work due to the pain and not being able to bear weight on my foot in an effort to recover. Due to the pain medication, treatments, surgeries, healing process, I have not been able to attend to my business affairs, which including proceeding to file my Tort Claim in District Court.
>
> I am requesting an additional six months to file my claim after the initial six-month allowance to file in District Court. I anticipate that I will file my claim very promptly and I will not take up any additional time of the court.

(Doc. No. 2). On April 7, 2020, the Court denied Plaintiff's motion. (Doc. No. 4).

On June 19, 2020, the United States Attorney, pursuant to 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4, certified that Andrea Foster and Judith Mackenzie-Abraham were acting within the scope of their federal employment. (Certification of Scope of Employment, GE B). On August 3, 2020, Defendants filed the pending motions to substitute United States and for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 11, 12). On August 5, 2020, the Court entered a Roseboro order giving Plaintiff fourteen days to respond to the motion to dismiss. Plaintiff has responded to the motion to dismiss, and Defendants have filed a Reply. (Doc. Nos. 15, 16). Thus, this matter is ripe for disposition.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for

3

failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

**A. Plaintiff's Claims against Regional Attorney Foster and USDA Attorney McKenzie-Abraham**

Plaintiff has named Regional Attorney Foster and USDA Attorney McKenzie-Abraham as defendants in this case, but he has made no factual allegations that they did anything wrong. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against them. In any event, Regional Attorney Foster and USDA Attorney McKenzie-Abraham are both entitled to absolute immunity under the Westfall Act, 28 U.S.C. § 2679(d)(1), which provides, in pertinent part, that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(1).[1]  Here, the United States Attorney has certified that at all times relevant to the allegations of the Complaint, Regional Attorney Andrea L. Foster and Attorney Judith McKenzie-Abraham were acting within the scope of their USDA employment.[2]  See (United States Attorney Certification, GE B).  Thus, the United States is hereby substituted as a defendant, and Regional Attorney Foster and USDA Attorney McKenzie-Abraham are dismissed from this lawsuit.[3]  See Guiterrez de Martinez v. Lamagno, 515 U.S. 417, 419–20 (1995) (quoting 28 U.S.C. § 2679(d)(1)); Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997); Jamison v. Wiley, 14 F.3d 222, 227 (4th Cir. 1994); Williams v. Sabo, 2012 WL 1432448, at

---

[1]  The Westfall Act, Section 2679(b)(1), Title 28, provides that "the remedy against the United States provided by sections 1346(b) and 2672 of [the FTCA] . . . is exclusive of any other civil action or proceeding for money damages . . . ." 28 U.S.C. § 2679(b)(1). Section 2679(b)(1) further emphasizes that "[a]ny other civil action or proceeding . . . is precluded . . . ." 28 U.S.C. § 2679(b)(1).

[2]  "The United States Attorneys are authorized to issue these certifications on behalf of the Attorney General." Standley v. Duncan, No. 1:12cv370, 2013 WL 1490269, at *1 (W.D.N.C. Apr. 11, 2013) (citing Martinez v. DEA, 111 F.3d 1148, 1152 (4th Cir. 1997)); see 28 C.F.R. § 15.4 (Attorney General's delegation to the United States Attorneys).

[3]  Plaintiff concedes in his Response that this substitution is proper.

5

**2–3 (W.D.N.C. 2012).

### B. Plaintiff's Claims Against the USDA

The FTCA is a limited waiver of sovereign immunity for common law torts committed by federal employees acting within the scope of their federal employment. "The United States is the only proper defendant in an FTCA action." Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) ("[T]he FTCA requires that the named defendant in an FTCA action be the United States and only the United States."); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."). Accordingly, the USDA is dismissed as a Defendant.

### C. Plaintiff's Claims Against the United States

The FTCA has a two-part statute of limitations, and the provision at issue in this case is mailing of the FTCA claim denial by the federal agency:

> A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b); see also United States v. Wong, 575 U.S. 402, 405 (2015). "[A]n FTCA action must be instituted within six months of notice of denial of the plaintiff's administrative claim . . . ." Weisgal v. Smith, 774 F.2d 1277, 1280 (4th Cir. 1985) (affirming dismissal of an FTCA action for failure to file a lawsuit within six months of the denial of the FTCA claim). Specifically, "[s]ection 2401(b) provides that a tort claim against the United States 'shall be forever barred . . . unless action is begun within six months after the date of mailing of the notice of final denial of the claim by the agency to which it was presented.' 28 U.S.C. § 2401(b)." Zeno v. United States, 451 Fed. Appx. 268, 272 (4th Cir. 2011). Here, Plaintiff failed to institute

this action within six months of the denial of the FTCA claim. Therefore, Plaintiff's lawsuit against the United States will be dismissed for failure to comply with the FTCA's six-month limitations period. Furthermore, Plaintiff has not shown extraordinary circumstances that would warrant equitable tolling of the six-month deadline.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's claims against Defendants USDA, Regional Attorney Foster, and USDA Attorney McKenzie-Abraham are dismissed, the United States is substituted as the sole defendant, and the action against the United States is dismissed as barred by the FTCA's six-month limitations period.

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion for Substitution of the United States as Sole Party Defendant, (Doc. No. 11), is **GRANTED**.

(2) Defendants' Motion to Dismiss, (Doc. No. 12), is **GRANTED**.

(3) This action is dismissed with prejudice.


Signed: September 1, 2020

Max O. Cogburn Jr.
United States District Judge

7